UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
  MAMADOU L. BAH,

                              Plaintiff,

             -against-

ROYAL AIR MAROC,

                             Defendant.
-------------------------------------------------------------------X

**24-CV-6515 (VSB) (KHP)**

**OPINION & ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/1/2025

**TO: THE HONORABLE VERNON S. BRODERICK, UNITED STATES DISTRICT JUDGE**

**FROM: KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

Plaintiff Mamadou L. Bah ("Plaintiff" or "Bah"), proceeding *pro se*, brings this action against Defendant Royal Air Maroc ("Defendant" or "RAM"), under 49 U.S.C. 40127(a) alleging discrimination, breach of contract, and harassment.  He seeks $10,000,000 in punitive damages.  RAM asserts that Bah has failed to state a claim for which relief can be granted, arguing his claims are governed by the Montreal Convention.  Before the Court is Plaintiff's motion to file an amended complaint.  For the reasons stated below, Plaintiffs motion to amend is GRANTED.

## BACKGROUND[1]

Bah purchased a RAM ticket for travel from Guinea to the United States, with a scheduled departure date of May 17, 2024. (Compl., at 5; ECF No. 16, at 1)  On that date, Bah traveled with two bags: a checked bag and a carry-on.  While he was checking the weight of his carry-on and checked luggage prior to boarding the plane, a RAM employee informed him that his checked bag exceeded the permitted weight.  (ECF No. 18, at 2)  Bah stepped out of line to

---

[1] The facts are taken from the operative Complaint ("Compl.") (ECF No. 1), and Plaintiff's account of the facts are taken by the Court to be true. *Jackson Nat'l Life Ins. Co. v. Merrill Lynch & Co., Ins.,* 32 F.3d 697, 699-700 (2d Cir. 1994).

move items from his checked bag to his carry-on to comply with the weight limits set by RAM, and was then told his checked bag was within weight requirements. (ECF No. 18, at 2)  The RAM employee then told Bah he was only permitted to bring one bag on the flight, and that he would be required to pay $205 in cash to bring his carry-on on the flight.  (ECF No. 1, at 5-6; ECF No. 18, at 2)  Bah asserted his ticket purchase entitled him to bring two bags on the plane and requested to speak with a supervisor, who reiterated that he must pay the $205 fee to take the carry-on bag onboard.  (Compl., at 5-6; ECF No. 18, at 2)

Bah alleges the supervisor gave him the option of either paying, "returning his bag," or missing his flight.  (Compl., at 6; ECF No. 18, at 2)  Bah further alleges the supervisor directed harassing and discriminatory remarks towards him.  Specifically, that the RAM supervisor told him that he was "not American. This is not America" (Compl., at 6), that "Black people are stupid" (ECF No. 18, at 2), and that the supervisor would call the police to arrest him "because [he is] Black." (ECF No. 18, at 2)  Bah alleges the RAM employee and supervisor misled him into paying $205. (ECF No. 18, at 2)  Bah filed his complaint on August 15, 2024. (Compl., at 1)  RAM filed its motion to dismiss on May 27, 2025. (ECF No. 16, at 1)  Bah then filed his opposition on June 25, 2025. (ECF No. 18, at 1)  In his opposition, Bah requested leave to amend his complaint. (ECF No. 18, at 2)  RAM filed its Reply on July 15, 2025, and opposed Bah's request on the ground that any amendment would be futile. (ECF No. 19, at 1, 4)  By Court order, discovery has been stayed pending a ruling on RAM's motion for dismissal. (ECF No. 15, at 1)

### LEGAL STANDARD

*Pro se* plaintiffs are entitled to a lenient standard for amending pleadings under Rule 15. "District courts generally should grant a self-represented plaintiff an opportunity to amend a

complaint to cure its defects, unless amendment would be futile." *Daniels v. Wyndham Destinations*, No. 25 Civ. 2208 (LLS), 2025 WL 2430671, at *2 (S.D.N.Y. Aug. 21, 2025).  The Second Circuit cautions district courts against dismissing a *pro se* litigant's complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might exist." *Id.* at *1 (allowing a *pro se* plaintiff leave to amend his complaint wherein he did not provide a sufficient factual background to describe the defendant's conduct to support the claims in the complaint).  Leave should be granted unless there is "some particular reason to deny it, such as undue delay, bad faith, or prejudice to the opposing party." *Randolph v. Lindsay*, 837 F. Supp. 2d 160, 162 (W.D.N.Y. 2011).

Further, courts are "ordinarily obligated to afford special solicitude to *pro se* litigants." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010).  Special solicitude protects the rights of *pro se* litigants who are "likely to forfeit important rights through inadvertence if he is not afforded some degree of protection" due to a lack of "legal training and experience." *Id.*  Special solicitude can come in different forms, but regularly takes the form "of liberal construction of pleadings, motion papers, and appellate briefs." *Id.*  It also "embraces relaxation of the limitations on the amendment of pleadings, . . . leniency in the enforcement of other procedural rules, . . . and deliberate continuing efforts to ensure that a *pro se* litigant understands what is required of him." *Id.*; *Holmes v. Goldin*, 615 F.2d 83, 85 (2d Cir. 1980); *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001); *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994); *see also Ortiz v. Local 32BJ*, No. 07 Civ. 8030 (LTS) (KNF) 2008 WL 2604810, at *3 (S.D.N.Y. June 25, 2008) ("The pleadings drafted by a *pro se* litigant . . . are held to a less

stringent standard than those prepared by attorneys, and are to be construed liberally to raise the strongest arguments they suggest.")

**DISCUSSION**

Before reaching the merits of the pending dispositive motion which has been referred to the undersigned for a Report and Recommendation, the Court will construe Plaintiff's opposition as a motion to amend his complaint.

Leave to amend pleadings should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2).  Courts generally grant *pro se* plaintiffs at least one opportunity to amend their pleadings, absent undue delay, bad faith, or prejudice to the opposing party.  *Daniels*, 2025 WL 2430671 at *2; *Randolph*, 837 F. Supp. 2d at 162.  The burden to prove undue delay, bad faith, or prejudice falls on the party opposing an amendment.  *United States ex rel. Raffington v. Bon Secours Health Sys.*, 285 F. Supp. 3d 759, 766 (S.D.N.Y. 2018).

This is Plaintiff's first request to amend his complaint, and the record does not indicate there is any risk of undue delay, bad faith, or prejudice to Defendant.  Indeed, RAM does not argue it will be subjected to undue delay, bad faith, or prejudice if Bah's request to amend is granted.  RAM instead argues leave should be denied for futility. (ECF No. 19, at 4)  Courts can deny leave to amend pleadings based on futility where, as a matter of law, the proposed amendments would not cure prior deficiencies or state a claim under Rule 12(b)(6).  *Olson v. Major League Baseball*, 29 F.4th 59, 72 (2d Cir. 2022).  RAM asserts that the "gravamen of Plaintiff's claims is his allegation of discriminatory mistreatment in a foreign country," and that the Montreal Convention precludes such a cause of action, making amendment futile. (ECF No. 19, at 4)  Bah argues that the Montreal Convention does not apply, and that local and federal

laws control the dispute.  (ECF No. 18, at 1-2.)  Bah's motion for leave to amend alleges physical injury, which could conceivably bring this claim within the scope of the Montreal convention, assuming such convention does, in fact, control this action. (ECF No. 18, at 2)  Because Bah may be able to allege additional facts to state a valid claim, Defendant's argument that any amendment would be futile is unpersuasive.  *See Daniels*, 2025 WL 2430671, at *2.

The record does not indicate that granting Bah leave to amend his complaint creates a risk of undue delay.  Undue delay has not been specifically defined, but cases where leave to amend is denied usually involve several years of delay in conjunction with a showing of prejudice and or bad faith.  *Schvimmer v. Office of Court Admin.*, 857 Fed. Appx. 668, 673 (2d Cir. 2021).  Delay alone, "absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Id.* (internal quotation marks omitted); *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (holding that a grant of amendment was proper even with a four-year delay because the non-movant could not show prejudice). Here, the complaint was filed August 24, 2024. (ECF No. 1)  The time elapsed between the initial filing and request for leave to amend the complaint, absent bad faith or prejudice, is insufficient to constitute an undue delay.  *Block*, 988 F.2d at 350.

Nor does the record indicate that Bah is attempting to amend his complaint in bad faith. RAM asserts that Bah had the opportunity to bring an allegation of physical injury in his initial complaint, and that the Court should not consider the allegation raised in Bah's opposition in deciding the motion to dismiss.  (ECF No. 19, at 3-4)  This argument, however, does not extend to the permissibility of Bah adding such claims to an amended complaint.  Plaintiffs are permitted to add new claims to amended complaints, and "the fact that a party may have had

evidence to support a proposed amendment earlier in the litigation does not, by itself, give rise to an inference of bad faith." *Randolph Found. v. Duncan*, No. 00 Civ. 6445 (AKH) (THK) 2002 WL 32862 *1, *3 (S.D.N.Y. Jan. 9, 2002).  Further there is no suggestion of dilatoriness or gamesmanship present such that the Court can make a finding of bad faith based on Plaintiff's conduct.  Accordingly, the record does not suggest Bah has acted in bad faith, and RAM has provided no argument to the contrary.

Nor does the record indicate that granting Bah leave to amend his complaint will result in any prejudice to Defendant.  To determine whether an amendment could prejudice the opposing party, courts consider whether the amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Agerbrink v. Model Serv. LLC,* 155 F. Supp. 3d 448, 454 (S.D.N.Y. 2016).  The non-moving party bears the burden "of demonstrating that substantial prejudice would result were the proposed amendment to be granted." *Id.*  Prejudice must be *undue* prejudice; the fact that additional discovery and expense may result from an amendment alone is not sufficient to deny request for leave to amend pleadings. *Id.*  Here, RAM has not provided any argument or evidence that such prejudice would result from Bah amending his complaint.  The stay of discovery granted on April 21, 2025, will remain in place until the motion in response to the Amended Complaint is adjudicated, and this prevents possible prejudice in the form of excess expense.  Further, because the request for leave occurred before discovery has begun, there is no significant delay resulting from the amendment. *Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008) ("Undue prejudice arises when an

amendment [comes] on the eve of trial and would result in new problems of proof.") (internal

quotation marks omitted)

Bah's request for leave to amend is meritorious as there is no risk of undue delay, bad

faith, or prejudice to counter the standard policy of freely allowing plaintiffs to amend their

pleadings.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's motion to amend the complaint is GRANTED.

Plaintiff is instructed to file an Amended complaint on or before **December 31, 2025**.  Insofar

as the Amended Complaint will moot Defendant's motion to dismiss, the Court sets the

following schedule:  Defendant's answer to the Amended Complaint and/or motion to dismiss

the Amended Complaint is due 30 days after it is served.  Plaintiff's opposition to any motion to

dismiss is due 30 days after the filing of the motion to dismiss.  Defendant's reply is due 14 days

thereafter.   No pre-motion letter shall be required before filing a motion to dismiss.

DATED:     December 1, 2025
             New York, New York

SO ORDERED,

_____

KATHARINE H. PARKER
United States Magistrate Judge